UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

B. DOUGLAS HINDMARSH, an individual, on
behalf of himself and all others similarly situated,

    Plaintiff,

vs.                                                          **COMPLAINT - CLASS ACTION**

RICHARD J. KAPLOW, an individual, doing
business as "Law Offices of Richard J. Kaplow,"

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, B. Douglas Hindmarsh, an individual, on behalf of himself and all others similarly situated, sues Defendant, Richard J. Kaplow, an individual, doing business as "Law Offices of Richard J. Kaplow," and alleges:

**I. PRELIMINARY STATEMENT**

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff, B. Douglas Hindmarsh, an individual, brings this action on behalf of himself and all others similarly situated for declaratory judgment that the practices of Defendant violated the FDCPA and for an award of statutory damages for himself and the class.

## II. JURISDICTION

3. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201-2202.

## III. ALLEGATIONS AS TO PARTIES

4. At all times material hereto, Plaintiff, B. Douglas Hindmarsh ("Mr. Hindmarsh"), is *sui juris* and a resident of Miami-Dade County, Florida.

5. At all times material hereto, Defendant, Richard J. Kaplow ("Attorney Kaplow" or "Debt Collector"), was *sui juris* and a resident of Cuyoga County, Ohio, doing business as "Law Offices of Richard J. Kaplow."

6. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another.

7. Defendant is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6).

8. Mr. Hindmarsh is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. §1692a(3).

## IV. FACTUAL ALLEGATIONS

### A. Description of Disputed Consumer Debt

9. On or about March 31, 2010, Mr. Hindmarsh received emergency medical treatment at the Aventura Hospital in Aventura, Hospital.

10. As a result of the emergency medical treatment, Neurology Group of South

Florida, Inc. ("Medical Care Provider"), billed or caused to be billed to Mr. Hindmarsh the sum of Four Hundred Seventy Five Dollars ($475.00) ("Disputed Medical Bill") for medical services purportedly performed on behalf of Mr. Hindmarsh.

11.   Upon information and belief, the Disputed Medical Bill was paid in whole or in part by the Department of Veterans Affairs as a result of Mr. Hindmarsh receiving full medical benefits.

12.   Mr. Hindmarsh disputes owing any money to the Medical Care Provider.

### B. Improper Collection Communication

13.   On or about May 13, 2011, Defendant sent or caused to be sent to Mr. Hindmarsh written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly owed by Mr. Hindmarsh under the Disputed Medical Bill ("Initial Written Collection Communication").

14.   A true and correct copy of the Initial Written Collection Communication (with handwritten notations by Plaintiff) is attached hereto and incorporated herein by reference as Exhibit "A".

15.   Defendant through the Initial Written Collection Communication stated, *inter alia* as follows:

> If you dispute the validity of all or any portion of this debt, notify this office within 30 days of receipt of notice, or we will assume debt is valid. If you notify us in writing within 30 days of receipt of notice, we will obtain verification from creditor. If you do not identify creditor, write us to that effect and we will provide name and address of the original creditor, if different from that listed.
> **THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION RECEIVED WILL BE USED FOR THAT PURPOSE.**

(emphasis added by Defendant)

### C. Lack of Meaningful Involvement by Defendant

16. By information and belief, the Initial Written Collection Communication was prepared by and transmitted by Defendant without any involvement of any actual attorneys performing the essential discretionary functions of a legal professional.

17. By information and belief, Defendant use a mechanized, computer-driven process to send collection letters such as the Initial Written Collection Communication, and most variable information, such as the name of the creditor, the alleged amount due, and the name of the consumer, is inserted into pre-defined "fields" by a word processor or other computer-driven document assembly software.

### D. Use of Deceptive Forms

18. By information and belief, Plaintiff is informed and believes, and on that basis alleges, that the information being inserted in these fields are sent to consumers *en masse* as electronically-stored information via modem or other computer-readable format.

19. By information and belief, communications to consumers from Defendant, including the Initial Written Collection Communication, are created directly from the electronically-stored information.

20. By information and belief, no attorney employed by Defendant meaningfully reviews or authorizes any particular individual letter before it is sent.

21. By information and belief, no attorney employed by Defendant meaningfully reviews the account balance to determine how the balance is calculated or if the balance is

correct.

22. By information and belief, no attorney employed by Defendant has actual knowledge of whether the account balances being sought are correct.

23. By information and belief, before seeking to collect an alleged debt under the auspices of a law firm, no attorney employed by Defendant actually reviews the statement of the consumer's account in a manner or a form which allows the attorney to make certain legal judgments, which in the exercise of ordinary due diligence, an attorney would make in attempting to collect a debt associated with a consumer debt such as: (1) the date the consumer's account was opened (i.e., to determine whether the debt obligation was subject to legal or equitable defenses including applicable statute of limitations); (2) the residence of the debtor (i.e., to determine where the litigation can be prosecuted and what state law governs the account); (3) the date of each charge that was applied to the consumer's account; (4) the amount and date of each payment applied to the consumer's account; and (5) the method, rate, and means of computing interest on the consumer's account.

24. By information and belief, at the time the Initial Written Collection Communication was sent or caused to be sent to Mr. Hindmarsh, Defendant did not know the amount of the total balance sought in the Initial Written Collection Communication.

25. By information and belief, at the time the Initial Written Collection Communication was sent or caused to be sent to Mr. Hindmarsh, Defendant did not know whether the total balance sought in the Initial Written Collection Communication was accurate.

26. By information and belief, no attorney employed by Defendant reviews collection

files or makes determinations about the legal validity of a debt before collection communications are sent or other interaction with consumers are initiated.

27. By information and belief, Defendant operates or assists in the operation of a collection agency masquerading as a law firm which uses clerical workers who are not attorneys to collect debts using the power and leverage of the law license.

28. The Initial Written Collection Communication falsely, deceptively, misleadingly and unconscionably represented or implied to Mr. Hindmarsh and other persons similarly situated as a consumer that an attorney had meaningful involvement in the collection of the debt represented by the Disputed Medical Bill when in fact no attorney had meaningful involvement at the time the Initial Written Collection Communication was sent to Mr. Hindmarsh and other persons similarly situated.

### E. *Validation Violation*

#### *1. General*

29. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. As more particularly described below, through the Initial Written Collection Communication, Defendant violated the FDCPA by failing to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g.

*2. Improper Disclosure Concerning Method of Validation*

31. With respect to the method by which Defendant intended to comply with its validation obligation, through the Initial Written Collection Communication, Defendant failed to inform Mr. Hindmarsh and other persons similarly situated that a copy of the "verification" "will be mailed to the consumer by the debt collector" as mandated by 15 U.S.C. §1692g(a)(4).

*3. Improper Disclosure Concerning Disclosure of Information Concerning Original Creditor*

32. In its Initial Written Collection Communication, Defendant provided an unintelligible disclosure of the right of Mr. Hindmarsh and other persons similarly situated to

obtain the name and address of the original creditor. For reasons best known to Defendant, Defendant disclosed that "If you do not identify creditor, write us to that effect and we will provide name (sic) and address of the original creditor, if different from that listed."

## V. PRACTICES OF DEFENDANT

33. It is or was the practice and policy of Defendant to:

   (a) use false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e; and

   (b) fail to provide a proper disclosure of validation rights under 15 U.S.C. §1692g.

## VI. CLASS ACTION ALLEGATIONS

34. This action is brought on behalf of a class consisting of (i) all persons to whom letters in the same or substantially similar form as Exhibit "A" were sent (ii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (iii) which were not returned undelivered by the U.S. Post Office (iv) during the one year period prior to the filing of the complaint in this action.

35. Plaintiff alleges on information and belief based on the Defendant's use of letters in the form or substantially similar form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form or substantially similar form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

36. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form or substantially similar form of Exhibit "A."

37. The principal legal issues are whether Defendant's letters in the form or substantially similar form of Exhibit "A" violate the FDCPA in that Defendant:

    (a) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e; and

    (b) failed to provide a proper disclosure of validation rights under 15 U.S.C. §1692g.

38. The claims of Mr. Hindmarsh are typical of those of the class members. All are based on the same facts and legal theories.

39. Mr. Hindmarsh will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

40. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

42. Mr. Hindmarsh requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

43. As a result of Defendant's conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

44. Plaintiff and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, B. Douglas Hindmarsh, an individual, requests judgment be entered in his favor and in favor of the class against Defendant, Richard J. Kaplow, an individual, doing business as "Law Offices of Richard J. Kaplow," for:

A. Declaratory judgment that the above-described conduct of Defendant violates the Fair Debt Collection Practices Act;

B. Statutory damages pursuant to 15 U.S.C. §1692k;

C. An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D. Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, B. Douglas Hindmarsh, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this 25th day of April, 2012.

                         _____
                         ROBERT W. MURPHY, ESQUIRE
                         Florida Bar No. 717223
                         1212 S.E. 2nd Avenue
                         Ft. Lauderdale, Florida 33316
                         (954) 763-8660 Telephone
                         (954) 763-8607 Telecopier
                         rphyu@aol.com

*Richard J. Kaplow*
*Attorney at Law*

*808 Rockefeller Building*
*614 Superior Avenue N.W.*
*Cleveland, Ohio 44113-1368*

(216) 781-8823

05/13/11

000255

DOUGLAS HINDMARSH
12780 N BAYSHORE DR
NORTH MIAMI FL 33181-2428

*Disputed!*
*Thank you*

Dear: DOUGLAS HINDMARSH

Creditor
GROUP OF S FLORIDA, INC,

Amt Owed
475.00

    Please be advised that this law firm has been retained to collect the balance due on the above referenced account(s). Payment in full should be sent to this office in the enclosed envelope or you may call us to offer payment arrangements.

    Thank you for your anticipated cooperation.

Very truly yours,

Richard J. Kaplow
Attorney at Law

NOTICE

If you dispute the validity of all or any portion of this debt, notify this office within 30 days of receipt of notice, or we will assume debt is valid. If you notify us in writing within 30 days of receipt of notice, we will obtain verification from creditor. If you do not identify creditor, write us to that effect and we will provide name and address of the original creditor, if different from that listed.
THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION RECEIVED WILL BE USED FOR THAT PURPOSE.

EXHIBIT "A"